IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON**

**ROY KESTERSON,**

    **Plaintiff,**

v.                                                  Case No. 2:09-cv-00085

**DAVE TOLER, Parole Officer,**
**Oak Hill Parole Office,**
**DELBERT HARRISON, Director of**
**Parole Services, and WEST**
**VIRGINIA PAROLE BOARD,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 26, 2008, Plaintiff, who is incarcerated at the Central Regional Jail in Sutton, West Virginia, filed a Complaint under 42 U.S.C. § 1983 (docket sheet document # 1)[1] and an Application to Proceed Without Prepayment of Fees, with related documents (## 2-4) in the United States District Court for the Northern District of West Virginia (hereinafter "NDWV"). The matter was assigned Case No. 3:08cv146. Plaintiff subsequently filed a Motion for Appointment of Counsel (# 8) and a "Motion for Evidence" (# 9) in the NDWV as well. On October 15, 2008, United States Magistrate Judge John S. Kaull granted Plaintiff's Application to Proceed Without Prepayment of Fees and denied Plaintiff's other pending motions. (## 10 and 11).

---

[1] Plaintiff's Complaint is not signed or verified, and it appears that one or more of the pages of the Complaint form was not included by Plaintiff.

On December 4, 2008, Magistrate Judge Kaull submitted a Report and Recommendation recommending that the case be transferred to the United States District Court for the Southern District of West Virginia, as the defendants all reside within the jurisdiction of this court. (# 15). That Report and Recommendation was adopted by United States District Judge John Preston Bailey on January 30, 2009, and the case was transferred to this court on that date, and given Case No. 2:09-cv-00085. During the time that the Report and Recommendation was pending before Judge Bailey, Plaintiff wrote numerous letters to the court concerning various issues.

Plaintiff's case is now assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. . A "frivolous" case has been defined as one which is based on an indisputably meritless

legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ."  Twombly, 127 S. Ct. at 1965.  It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.  The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading need only contain "[f]actual

3

allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Application of the Rule 12(b)(6) standard also requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

### PLAINTIFF'S COMPLAINT AND REQUEST FOR RELIEF

Plaintiff's Complaint is difficult to understand. It appears from the Complaint and the other documents Plaintiff has provided to the court that Plaintiff is complaining that he has had his parole revoked on several occasions since 2004, and that he allegedly has been improperly incarcerated and has not been credited with time that he spent in incarceration or on home

confinement.  Plaintiff's request for relief states: "I want paid for every day I set in jail for being sent back to prison for stuff I wasn't guilty of.  I want two years knocked off of my sentence or discharged off of parole.  The W. Va. parole board put fourteen more months on me and I want that taken off also."  (# 1 at 6, ¶ 3).

To the extent that Petitioner is challenging the revocation of his parole, and is requesting that he be released from incarceration or to have his sentence reduced, his claim must be pursued through a writ of habeas corpus, not in a § 1983 claim.  In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that a writ of habeas corpus is the sole remedy for a state prisoner who challenges the fact or duration of his confinement.  Plaintiff is also required to exhaust whatever state court remedies are available to him before filing a habeas corpus petition in federal court.

To the extent that Plaintiff is requesting damages for every day that he claims he has been illegally incarcerated, such relief would be sought in a section 1983 Complaint.  However, Plaintiff must first demonstrate that his imprisonment has been found to be invalid, through a writ of habeas corpus, which he has not done.  See Heck v. Humphrey, 512 U.S. 477 (1994)(§ 1983 plaintiff must prove that conviction or sentence has been reversed, expunged, or declared invalid in order to recover damages for unconstitutional

imprisonment).  Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's section 1983 claims are barred under Heck.

In the correspondence Plaintiff has sent to both federal courts, he has also complained that he should have been given an opportunity to be put on bond.  That is a matter that must be addressed with the state court, not the federal court.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (# 1) under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.  It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's requests for a court order for evidence from the Raleigh County Public Defender's Office (## 20 and 32).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and

three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

    February 24, 2009                             *Mary E. Stanley*
          Date                                  Mary E. Stanley
                                                United States Magistrate Judge