```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**ROY KESTERSON,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 2:09-0085**

**DAVE TOLER**, **et al.**,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's complaint under 42 U.S.C. § 1983 (Doc. No. 1) and requests for a court order for evidence from the Raleigh County Public Defender's Office (Doc. Nos. 20, 32). By Standing Order entered August 1, 2006, and filed in this case on January 30, 2009, this matter was referred to United States Magistrate Judge Mary E. Stanley. Pursuant to 28 U.S.C. § 636(b), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") on February 24, 2009, recommending that this court dismiss plaintiff's complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and deny plaintiff's requests for evidence. (Doc. No. 35.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which

to file any objections to Magistrate Judge Stanley's PF & R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a *de novo* review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff submitted his objections on March 2, 2009.  (Doc. No. 36.)  In his objections, plaintiff restates the relief he seeks through his complaint, but does not address the grounds on which the magistrate judge recommended dismissal: that plaintiff's challenge to his confinement must be brought through a petition for a writ of habeas corpus, pursued first in state court; and that plaintiff must demonstrate that his conviction or sentence has been reversed, expunged, or declared invalid before he may pursue damages for unconstitutional imprisonment through a § 1983 action.  (Doc. No. 35 at 5.)  His objections are therefore irrelevant and unresponsive to the reasoning contained in the PF & R, and must be overruled on that ground, as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano, 687 F.2d at 47.

Having reviewed the Proposed Findings and Recommendation filed by Magistrate Judge Stanley, the court (1) **ADOPTS** the findings and conclusions set forth therein; (2) **DISMISSES** plaintiff's complaint pursuant to 28 U.S.C. § 1915A; (3) **DENIES** plaintiff's requests for a court order for evidence from the Raleigh County Public Defender's Office (Doc. Nos. 20, 32); and (4) **DIRECTS** the Clerk to remove this action from the active docket of this court.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff and to all counsel of record.

It is **SO ORDERED** this 7th day of July, 2009.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge